IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

1. MARK and JACKIE STEVENSON; and    )
2. DUSTIN "CHASE" STEVENSON, a minor, )
by and through his parents, Mark and Jackie    )
Stevenson,    )
   )
       Plaintiffs,    )
   )
     -vs-    )     Case No. CIV-04-1598-C
   )
1. INDEPENDENT SCHOOL DISTRICT    )
NO. I-038 OF GARVIN COUNTY,    )
OKLAHOMA, a/k/a/ WYNNEWOOD    )
PUBLIC SCHOOLS;    )
2. JIM STARK, in his individual capacity;    )
     and    )
3. JUDITH BARNES, in her individual    )
capacity; and    )
4. BOARD OF EDUCATION FOR    )
WYNNEWOOD PUBLIC SCHOOLS,    )
   )
       Defendants.    )

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss filed by Defendants Jim Stark and Judith

Barnes (the Individual Defendants). The Individual Defendants move for dismissal pursuant

to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiffs cannot predicate a § 1983 claim on a

violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et*

*seq.*, or § 504 of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Defendants also assert that

Plaintiffs' claims for intentional infliction of emotional distress are barred by Plaintiffs'

failure to comply with the Oklahoma Governmental Tort Claims Act (OGTCA), 51 Okla.

Stat. § 151, *et seq*.  For the reasons that follow, the Individual Defendants' motion is granted in part and denied in part.

## Standard of Review

There is a "powerful presumption" against dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir. 1989).  The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support that would justify relief.  Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1372 (10th Cir. 1979)).  In reviewing a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded facts included in the complaint and view those facts in the light most favorable to the non-moving party, resolving all reasonable inferences in the plaintiff's favor.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  In this context, the issue is not whether the plaintiff will ultimately prevail at trial, but whether the allegations in the Complaint are legally sufficient to state a claim for relief.  Sutton v. Utah State Sch. for Deaf & Blind,173 F.3d 1226, 1236 (10th Cir. 1999).

## Background

This lawsuit is part of Plaintiffs' continued attempt to redress what they perceive as inadequacies in the education being provided to Dustin "Chase" Stevenson, an autistic child. Plaintiffs' initial suit was dismissed in October 2003, for failure to exhaust their administrative remedies under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et. seq.*  (See Order of Dismissal, Stevenson v. Wynnewood Public Schools,

Case No. CIV-02-1797-C, Dkt. No. 38.)  Plaintiffs appealed the dismissal, but subsequently dismissed their appeal.[1]   (See Notice of Appeal & USCA Mandate, Case No. CIV-02-1797-C, Dkt. Nos. 40, 46.)  After dismissing their appeal, Plaintiffs filed this action.

The relevant facts have been recited in orders previously issued in the prior action and the Court repeats only those essential to the current motion.   Plaintiffs contend that Defendant Judith Barnes (Barnes) was the Special Education Coordinator for the Wynnewood Schools.   (Complaint, Case No. CIV-04-1598-C, ¶ 7.).   In 1988, Barnes allegedly categorized Chase as mentally retarded without a diagnosis.  (Id. ¶ 10.)  Plaintiffs claim that in 1997-98, Barnes was also Chase's teacher.   (Id. ¶ 14.)  Despite a doctor's suspicion that Chase exhibited autistic behavior, Barnes refused to become "autism-certified."  (Id. ¶¶ 11, 14.)  Barnes also allegedly disciplined Chase by not allowing him to attend recess and speech therapy classes.  (Id. ¶ 14.)  Plaintiffs further assert that Barnes would not allow Chase to eat his lunch, causing Chase to suffer from migraines and depression.  (Id.)

Defendant Jim Stark (Stark) was the Principal and Superintendent of Wynnewood Public Schools during Chase's attendance.  (Complaint ¶ 6.)  Although it was allegedly required  under state policy, Stark apparently refused to send a teacher to become autism-certified "because it was not convenient."  (Id. ¶ 7.)

## Discussion

---

[1] While their case was pending on appeal, Plaintiffs pursued their administrative remedies by requesting and participating in a Due Process Hearing.

Section 1983 Claims

In Count IV and V of Plaintiffs' Complaint, Plaintiffs assert that Stark and Barnes "helped enforce the School's discriminatory policies by depriving Chase an education that was appropriate for his disability." (Complaint ¶¶ 36, 38.) Plaintiffs assert that, in enforcing these policies, Stark and Barnes deprived Chase of "any rights, privileges, or immunities, contrary to 42 U.S.C. § 1983." (Id. ¶¶ 35, 37.) Plaintiffs do not identify the rights, privileges, or immunities of which Chase was allegedly deprived.

The Individual Defendants assert that Plaintiffs cannot bring a § 1983 claim to enforce the substantive rights created by Title II of the ADA or the Rehabilitation Act. This position has been adopted by the Fifth, Eighth, Ninth, and Eleventh Circuits. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); Lollar v. Baker, 196 F.3d 603, 609 (5th Cir. 1999); Alsbrook v. City of Maumelle, 184 F.3d 999, 1011-12 (8th Cir. 1999); Holbrook v. City of Alpharetta, 112 F.3d 1522, 1530-31 (11th Cir. 1997).

The Tenth Circuit has addressed whether the rights created by the Rehabilitation Act are enforceable through § 1983 against government employees in their *official* capacity. See Pushkin v. Regents of the Univ. of Colorado, 658 F.2d 1372,1382 (10th Cir. 1981). In Pushkin, a government employee, among others, appealed the trial court's issuance of an injunction directing that the plaintiff be admitted to the next class at the University of Colorado Psychiatric Residency Program. Id. at 1376. In dicta, the Court stated that "[i]t is plain that § 504 does confer substantive rights upon handicapped people in that Congress contemplated a private right of action to enforce mandatory anti-discriminatory provisions."

Id. at 1382.  What the Tenth Circuit did not address is whether § 1983 may be used to enforce the substantive rights created under Title II of the ADA and the Rehabilitation Act when brought against government employees in their *individual* capacities.

"Section 1983 itself does not create any substantive rights, but merely provides relief against those who, acting under color of law, violate federal rights created elsewhere." Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1536 (10th Cir. 1995).  The failure to identify the substantive rights allegedly violated is grounds for dismissal for failure to state a claim. Id.

Section 1983 cannot be used to vindicate a violation of federal law where Congress has otherwise created an incompatible and comprehensive enforcement scheme.  See Blessing v. Freestone, 520 U.S. 329, 341 (1997).  For example, the Tenth Circuit has held that § 1983 may not be used to remedy violations of the IDEA.  Padilla, 233 F.3d at 1273. Similarly, age discrimination claims brought under § 1983 are preempted by the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*.  Migneault v . Peck, 158 F.3d 1131, 1140 (10th Cir. 1998), abrogated on other grounds by Kimel v. Fla. Bd. of Regents, 528 U.S. 62 (2000).  Section 1983 is also not available to remedy Title VII violations unless there is also an independent basis for that claim, such as an equal protection violation.  Notari v. Denver Water Dep't, 971 F.2d 585, 587 (10th Cir. 1992); Polson v. Davis, 895 F.2d 705, 710 (10th Cir. 1990).  "[T]he basis for a § 1983 claim is 'independent' from Title VII when it rests on substantive rights provisions *outside* Title VII – that is, when it rests on a constitutional right or a federal statutory right other than those created by Title

VII." <u>Notari</u>, 971 F.2d at 587.  Otherwise, the "precisely drawn, detailed enforcement structure of the later statue must be deemed to preempt the earlier general remedial statute." <u>Polson</u>, 895 F.2d at 710.

The Court agrees with the circuits that have addressed this issue and holds that Plaintiffs cannot sue under § 1983 for violations of the ADA or Rehabilitation Act.[2] Additionally, the Court notes that Plaintiffs cannot sue the Individual Defendants directly under Title II of the ADA or the Rehabilitation Act.  <u>See</u> <u>Butler v. City of Prairie Village</u>, 172 F.3d 736, 744 (10th Cir. 1999).  Thus, they cannot use § 1983 to do what they cannot do directly under these Acts – establish individual liability.  <u>Alsbrook</u>, 184 F.3d at 1011-12. Accordingly, Plaintiffs' § 1983 claims, Counts IV and V, are dismissed.

<u>Intentional Infliction of Emotional Distress Claims</u>

In Counts VI and VII, Plaintiffs assert claims for intentional infliction of emotional distress of Chase and his parents, respectively.  The Individual Defendants argue that these claims are barred by the OGTCA.  Because Plaintiffs have not pleaded compliance with the OGTCA, Defendants argue that these claims should be dismissed.

The OGTCA waives the sovereign immunity of the state for "torts of its employees acting within the scope of their employment."  51 Okla. Stat. § 153.  Thus, government employees are shielded from liability while carrying out the duties of their offices in good

---

[2] In so holding, the Court presumes that Plaintiffs' § 1983 claim is premised solely on violations of the ADA and the Rehabilitation Act as Plaintiffs have not referenced any other substantive rights, either in their Complaint or in their Response.

faith.  See 51 Okla. Stat. § 152(9).  This immunity does not extend, however, to acts conducted in bad faith or willfully and wantonly.  See Nail v. City of Henryetta, 1996 OK 12, ¶¶ 9, 11, 911 P.2d 914, 916-17.

Plaintiffs have not alleged a claim for intentional infliction of emotional distress against Stark.  Stark's alleged refusal to send a teacher to become "autism-certified" because it was inconvenient is clearly a discretionary action within the scope of his employment.[3] Accordingly, the OGTCA applies and Plaintiffs must assert compliance in their complaint. Because they failed to do so, Plaintiffs' state-law claims must be dismissed against Stark.

However, construing all reasonable inferences from the facts pleaded in Plaintiffs' Complaint, Chase has alleged a claim for intentional infliction of emotional distress against Barnes.  A teacher intentionally starving a special-education child as punishment, if proven, is the type of behavior that a jury could find was willful and wanton and thus, outside the scope of her employment.  See Nail, 1996 OK 12, ¶ 13, 911 P.2d at 918 (holding that a jury should resolve the question of whether an alleged assault by a police officer was an action outside the scope of his employment).  The OGTCA's procedural requirements do not apply to a claim based on allegations that a government employee was acting outside the scope of her employment.  Pellegrino v. Cameron University, 2003 OK 2, ¶ 18, 63 P.3d 535, 540.

---

[3] Additionally, the Court notes that Plaintiffs' allegations would likely not be sufficient to state a claim for relief for intentional infliction of emotional distress because Stark's refusal was not the sort of action that is utterly intolerable in modern society.  See Computer Publications, Inc. v. Welton, 2002 OK 50, ¶ 9, 49 P.3d 732, 735 (stating that the defendant's conduct must cause an average member of the community to exclaim "Outrageous!").

Thus, dismissal of the intentional infliction of emotional distress claim by Chase against Barnes is improper.

The claim for intentional infliction of emotional distress of the Stevensons (Mark and Jackie Stevenson) fails, however.  The Complaint is devoid of any alleged actions by Barnes against the Stevensons, much less any actions that were extreme and outrageous. Consequently, this claim must be dismissed.

## Conclusion

Accordingly, the Motion to Dismiss Defendants Jim Stark and Judith Barnes (Dkt. No. 22) is GRANTED in part and DENIED in part.  Counts IV (§ 1983 claim against Stark), V (§ 1983 claim against Barnes), and VII (Intentional Infliction of Emotional Distress Claim by Mark and Jackie Stevenson) are DISMISSED in their entirety.  This dismissal terminates Stark as a party.  A separate judgment on these claims shall be entered at the conclusion of the proceedings.

IT IS SO ORDERED this 19th day of May, 2005.


ROBIN J. CAUTHRON
United States District Judge